**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

BRUCE FISCHER, )
)
Plaintiff, )
)
v. )
)
LIBERTY LIFE ASSURANCE COMPANY OF )
BOSTON and STEIN ROE INVESTMENT )
COUNSEL, LLC LONG TERM )
DISABILITY PLAN, )
)
Defendants. )

Case No. 05 C 3256

Judge Joan B. Gottschall

## MEMORANDUM OPINION AND ORDER

Defendants, Liberty Life Assurance Company of Boston ("Liberty") and Stein Roe

Investment Counsel, LLC Long Term Disability Plan ("Stein Roe") (collectively the

"Defendants"), filed a motion pursuant to Rule 59(e) asking the court to reconsider and reverse

its order denying their motion for summary judgment.[1] For the reasons stated below, the court

reconsiders its previous order. Summary judgment is granted in favor of the Defendants.

### I. BACKGROUND

Plaintiff, Bruce Fischer ("Fischer") sued the Defendants for disability benefits he alleges

he is owed pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974

---

[1]The motion for reconsideration was granted on August 9, 2006 and the matter has been
fully briefed since November 30, 2006. The motion does not appear on the court's CM/ECF
pending motion list and the court has no record of follow-up by the parties. The fact that the
motion had not been resolved only came to the attention of the court during a recent full review
of its docket. The court apologizes for the delay.

("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Fischer was the Lead Programmer for Stein Roe Investment Counsel, LLC from May 1996 to September 2001. In September 2001, at the age of 51, Fischer ceased working due to alleged memory and attention problems, and applied for long term disability benefits under a disability plan underwritten by Liberty (the "Plan"). The policy included a so-called "mental illness limitation" ("MIL"), under which benefits for disability due to "mental illness, substance abuse, or non-verifiable symptoms" lasted for a maximum twenty-four months. Where disability results from a physical or organic cause, benefits are subject to no such limitation. From 2002 to 2004, Fischer underwent a series of psychological and neurological examinations and his condition was reviewed by more than ten doctors. While some of the doctors opined that Fischer's disability resulted from a physical cause, others concluded that his condition was solely psychological. Liberty ultimately accepted the latter position and, invoking the MIL, terminated Fischer's benefits after twenty-four months. After lodging a number of unsuccessful administrative appeals, Fischer filed the present suit, seeking reinstatement of his benefits. Fischer and Defendants filed cross-motions for summary judgment and the court denied both motions.

In its order denying summary judgment, the court outlined the standard of review it would apply, noting that:

> On cross-motions for summary judgment, the traditional standards for summary judgment apply and each movant must individually satisfy Rule 56's requirements. *Central Mfg. Co. v. Brett*, 2005 WL 2445898, No. 04 C 3049, at *5 (N.D. Ill. Sept. 30, 2005) [citing *Blum v. Fisher*, 961 F. Supp. 1218, 1222 (N.D. Ill. 1997)]. The court therefore considers the merits of each motion separately and draws all reasonable inferences and resolves all factual uncertainties in favor of the non-moving party. *Id.*

Order Denying Summ. J. at 3 (Docket No. 47). The court then concluded that, pursuant to

ERISA and the Plan, it was required to review Liberty's decision under the arbitrary and capricious standard. *Id.* at 4-5. Thus, to prevail on summary judgment, each party needed to establish there was "no genuine issue as to any material fact," where the "material fact" was Liberty's arbitrary and capricious decision (or lack thereof).

In denying Fischer's motion, the court stated that "Fischer can prevail only if, viewing the evidence in the light most favorable to [the Defendants], no reasonable fact finder could fail to conclude that Liberty's decision was arbitrary and capricious." *Id.* at 9. Noting that the evidence concerning the cause of Fischer's disability was divided as to whether there was an underlying physical condition, the court concluded that "a reasonable fact finder could conclude that Liberty did not act arbitrarily or capriciously in denying Fischer's benefits." *Id.* at 9-10. Thus, the court concluded that Fischer had failed to establish an absence of a triable jury issue so as to prevail on summary judgment.

In denying Defendants' motion, the court, again noting that "the evidence regarding the cause of [Fischer's] disability points in conflicting decisions," stated:

[The Defendants] may be granted summary judgment only if no reasonable fact finder could conclude that Liberty acted arbitrarily in denying Fischer's benefits. . . . Viewing the evidence in the light most favorable to Fischer, the court cannot say that no reasonable fact finder could conclude that Liberty acted arbitrarily and capriciously. A reasonable fact finder might disbelieve Liberty's doctors, or find that Liberty's decision to disregard the evidence of physical disability provided by Fischer's doctors to be arbitrary and capricious.

*Id.* at 6. Thus, the court concluded that Defendants had failed to establish an absence of a triable jury issue so as to prevail on summary judgment, or, putting it another way, that Fischer had raised a sufficient question of fact regarding Liberty's arbitrariness and capriciousness to survive

3

summary judgment. Defendants timely filed a motion pursuant to Rule 59(e) asking the court to reconsider and reverse its order denying their motion for summary judgment.

## II. ANALYSIS

In their Rule 59(e) motion, the Defendants argue that the court made a manifest error of law when it denied their motion for summary judgment and that, under the arbitrary and capricious standard of review, the facts compels a grant of summary judgment in their favor.

### A.   Legal Standard - Rule 59(e)

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court . . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (internal citations omitted). The grounds for a Rule 59 motion are extremely limited; in fact, "there are only three[:] newly-discovered evidence, an intervening change in the law, and manifest error in law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (internal citations omitted). The moving party must "clearly establish" one of the grounds for relief. *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001) (contrasting Rule 59 with Rule 60 and observing that the former has a lower threshold of proof but the latter allows for additional grounds for relief)).

### B.   Arguments

The Defendants argue that the court's conclusion, that a reasonable fact finder could conclude that Liberty did not act arbitrarily and capriciously, is sufficient to justify granting summary judgment in their favor because, "[u]nder *Hess [v. Hartford Life & Accident Ins. Co.*,

4

274 F.3d 456 (7th Cir. 2001)] and *Houston [v. Provident Life & Accident Ins. Co.*, 390 F.3d 990 (7th Cir. 2004)], . . . it is clear the denial at issue was based on a reasonable explanation (not necessarily the one the fact finder would make)." Mem. in Supp. of Mot. for Reconsideration at 5. The court rejects as procedurally inappropriate this attempt to "mix and match" its rulings on the parties' summary judgment cross-motions.

On cross-motions for summary judgment, the court must construe all evidence and inferences therefrom in favor of the non-movant. *See Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 606 (7th Cir. 2007) (quoting *Tegtmeier v. Midwest Operating Eng'rs Pension Trust Fund*, 390 F.3d 1040, 1045 (7th Cir. 2004)). Thus, it construes evidence in favor the defendant when considering a plaintiff's motion and in favor of the plaintiff when considering a defendant's motion. Each movant must individually satisfy Rule 56's requirements. This separate consideration allows for different conclusions on cross-motions, *even on the same question*, notwithstanding the fact that the evidence in the administrative record is identical. Consequently, the court's holdings on the parties' cross-motions for summary judgment are, for all intents and purposes, severable.

The only part of the court's opinion that is of relevance to the Defendants' motion for reconsideration is that which relates to the Defendants' motion for summary judgment. Any findings made as to Fischer's motion, including that a reasonable fact-finder could find the Defendants actions not to be arbitrary and capricious, are inapplicable to the question of whether the court made an error of law as to the Defendants' motion. Thus, the court will review only whether it was an error of law to conclude that "[a] reasonable fact finder might disbelieve Liberty's doctors, or find that Liberty's decision to disregard the evidence of physical disability

provided by Fischer's doctors to be arbitrary and capricious." *See* Order Denying Summ. J. at 6 (ruling on the Defendants' motion for summary judgment). In respect to this holding, the Defendants argue that the court's formulation of the burden required for the Defendants to prevail on summary judgment was legally incorrect, because "the fact that a reasonable fact finder might disbelieve Liberty['s] doctors or disagree with Liberty['s] determination is insufficient to defeat summary judgment in Liberty['s] favor on this ERISA denial of benefits claim." Mem. in Supp. of Mot. for Reconsideration at 5.

Two cases cited by the Defendants in support of their argument, and cited by the court in its order denying summary judgment, concern appeals from grants of summary judgment. *See Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805 (7th Cir. 2006); *James v. Gen. Motors Corp.*, 230 F.3d 315 (7th Cir. 2000). An appellate court reviews grants of summary judgment *de novo*; therefore, its method of analysis parallels that of the district court. The cases stand for the proposition that a district court, reviewing a plan administrator's decision under the arbitrary and capricious standard, may not interfere with the decision providing that it has rational support on the record and is not "downright unreasonable." *See Semien*, 436 F.3d at 812 (rejecting "debatable points" as sufficient to reverse the plan administrator's decision); *James*, 230 F.3d at 317 (noting that it is irrelevant if the court would have arrived at a different decision as long as the result is based on a reasonable interpretation of the record).

Recent decisions by the Seventh Circuit suggest that, where an ERISA plan administrator moves for summary judgment, the umbra of the arbitrary-and-capricious standard of review has the effect of nearly eclipsing the requirement to construe all inferences in favor of the non-movant. As a result, a court's assessment of the administrative record on a motion for summary

6

judgment appears almost identical to its decision-making process during a trial on the papers, notwithstanding the fact that on summary judgment a court is not supposed to weigh the evidence as it would in a trial.[2] A review of three procedurally and factually similar cases is illustrative: *Semien v. Life Insurance Co. of North America*, 436 F.3d 805 (7th Cir. 2006), *Davis v. Unum Life Insurance Co. of America*, 444 F.3d 569 (7th Cir. 2006), and *Mote v. Aetna Life Insurance Co.*, 502 F.3d 601 (7th Cir. 2007).

In *Semien*, the plaintiff filed a disability claim asserting that she suffered from a variety of medical conditions. 436 F.3d at 808. Semien submitted additional medical information after the initial eligibility period, some of which indicated that she was capable of performing moderate work. *Id.* The insurer had the file reviewed by a Nurse Care Manager and a Behavior Care Specialist and concluded that there was insufficient evidence to support Semien's inability to work. *Id.* After Semien appealed, the insurer hired an independent psychiatric consultant and a physician to review the file. *Id.* at 808-09. The consultants concluded that Semien was capable of performing light work. *Id.* at 809. Semien contended that the reviewing physicians failed to assess her psychiatric impairments or consider records from earlier examinations. *Id.* After the district court granted summary judgment in favor of the insurer, Semien appealed. *Id.*

The court in *Semien* noted that summary judgment in favor of the insurer would be appropriate when "taken in the light most favorable to Semien, there is no evidence [the

---

[2] The similarity of analysis is illustrated by the fact that the Defendants cite cases in *both* procedural postures, without differentiation, to make their arguments. The Defendants cite opinions concerning summary judgment, but they also cite *Hess* and *Houston*, which were appeals from trials. *See Hess*, 274 F.3d at 459-61 (noting that the procedure "was more akin to a bench trial than to a summary judgment ruling"); *Houston*, 390 F.3d at 994 (appeal from a trial based on the administrative record).

7

insurer's] denial of benefits was arbitrary and capricious." *Id.* at 812. It cautioned that "absent fraud or bad faith, the [insurer's] decision may not be deemed arbitrary and capricious so long as it is possible to offer a reasoned explanation, based on the evidence, for that decision." *Id.* (citing *Trombetta v. Cragin Fed. Bank for Savings Employee Stock Ownership Plan*, 102 F.3d 1435, 1438 (7th Cir. 1996)).

After conducting a *de novo* review of the evidence submitted, the Seventh Circuit affirmed summary judgment in favor of the insurer, concluding that the insurer had conducted a full and fair review of all the evidence submitted by Semien and the physicians had thoroughly considered all of the available information. *Id.* The court reasoned that "[a]lthough Semien's treating physicians reached different conclusions as to her abilities, under an arbitrary and capricious review, neither this Court, nor the district court, will attempt to make a determination between competing expert opinions. Instead, an insurer's decision prevails if it has rational support in the record." *Id.* (internal citations and quotation marks omitted). It found that the reports provided a "sufficient basis and rational support for the conclusion that Semien was ineligible for long-term disability benefits." *Id.* The court observed that Semien provided no evidence of bias or inherent flaws in the reports. *Id.* at 813. It noted that "[w]hile the conclusions in the medical reports submitted by Semien are also rational, raising debatable points does not entitle the claimant to a reversal under the arbitrary and capricious standard." *Id.* at 812 (internal citations and quotation marks omitted).

In *Davis*, the Seventh Circuit reversed a district court's denial of a plan administrator's motion for summary judgment, finding that the district court "misapplied the governing arbitrary-and-capricious standard." *Id.* at 571. Davis claimed benefits under a long-term disability plan

8

and was awarded benefits for a mental disability, limited to twenty-four months, but was denied more long-term benefits for a physical disability. *Id.* at 571-72. Davis submitted additional medical evidence from his treating physicians regarding his physical disabilities and the plan obtained conflicting opinions from its doctors. *Id.* at 572-74. The plan upheld its original denial and Davis sued. *Id.* at 574.

The district court faulted the plan for using in-house doctors and conducting only a paper review of the claims. *Id.* The Seventh Circuit rejected these reasons as sufficient to find that the plan acted arbitrarily and capriciously and faulted the court for going "beyond the bounds of arbitrary-and-capricious review." *Id.* at 575, 576. Reviewing the evidence *de novo*, the Seventh Circuit concluded that the "expert opinions of [the plan's four doctors]" constituted sufficient evidence to "make[] it 'possible' for [the plan] to 'offer a reasoned explanation' for its decision to deny benefits, and under the arbitrary-and-capricious standard, we must respect [the plan's] judgment." *Id.* at 576 (quoting *Semien*, 436 F.3d at 812). The court emphasized that "reaching a decision amid such conflicting medical evidence is a question of judgment that should be left to [the plan] under the arbitrary-and-capricious standard." *Id.* at 578 (internal citations omitted).

In *Mote*, the Seventh Circuit affirmed a district court's denial of the insured's summary judgment motion and grant of the ERISA plan's cross-motion. *Id.* at 603. In Mote, the insured was granted long-term disability benefits for five years. *Id.* The plan then determined that Mote no longer qualified under a stricter definition that applied after the first five years. *Id.* at 604. It came to this conclusion after reviewing medical records and a videotape made by a private investigator that showed Mote doing several activities she claimed to be unable to do. *Id.* Mote submitted additional medical evidence from her treating physicians supporting her claims of

9

disability. *Id.* After the plan submitted the file for independent medical review, it confirmed its earlier denial of further benefits and Mote sued. *Id.*

On appeal from the district court's grant of summary judgment in favor of the plan, Mote argued, in part, that the plan "did not properly weigh her treating physicians' opinions in reaching its termination decision." *Id.* at 607. The Seventh Circuit rejected this argument noting that the plan did not need to defer to the opinions of treating physicians in the face of conflicting evidence and that a plan was entitled to "consider the possibility that applicants are exaggerating in an effort to win benefits." *Id.* (citing *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 409 (7th Cir. 2004)). Mote also argued that the reviewing doctors opinions were unreliable because they were not specialists. *Id.* The court noted that "an ERISA plan is not required to hire specialists for every claimed malady in cases in which the plan hired an independent expert to consider a physical examination of the claimant." *Id.* Finding no evidence of actual bias, the court then concluded that the plan's decision was reasonable. *Id.* at 608.

The three opinions illustrate that it is incredibly difficult for an insured to defeat summary judgment in an ERISA case under the arbitrary and capricious standard. The court concludes that reconsideration of its earlier denial of summary judgment in favor of the Defendants is appropriate given that it may not have given the necessary level of deference to the plan administrator's determination that Seventh Circuit precedent requires. Although to survive summary judgment a non-movant typically need do no more than raise a genuine issue of material fact, "raising debatable points" is insufficient to defeat summary judgment under the arbitrary and capricious standard of review. Pursuant to *Semien*, *Davis*, and *Mote*, the court concludes that it must find an absence of material fact for trial where an ERISA plan chooses a

medical opinion that leads to termination of benefits as long as the plan conducted a full review of the medical record and did not exhibit bias or wrongdoing, even when there is a significant medical split of opinion and doctors choose to disregard certain evidence in favor of other contradictory evidence.[3]

As the court remarked in its original order denying summary judgment, the evidence in this case regarding the cause of Fischer's disability points in conflicting directions. Fischer presented evidence that there was a dispute over the cause of his disability. Viewing the evidence in the light most favorable to Fischer as the non-movant, the court concluded that he raised a question of material fact as to whether the Defendants acted in bad faith by reaching a conclusion that lead to the termination of benefits pursuant to the MIL, thereby effectively disregarding medical opinions that there was an organic cause of Fischer's disability.

In his response to the Defendants' motion for reconsideration, Fischer argues that he presented evidence that Liberty's decision was unreasonable, namely that: (1) the Defendants ignored objective evidence of Fischer's physical disability, including MRI and PET scans and the diagnosis of Dr. Georgemiller; (2) the Defendants failed to rely on a health care professional with appropriate training and experience because they did not obtain a supporting opinion from a neurologist and ignored the fact that Dr. Kleindorfer, a neurologist, "tended to agree" that the diagnosis was organic brain disorder; and (3) the Defendants credited unreliable evidence because the consultants never examined Fischer despite the fact that psychological issues were

---

[3]Cases that depend on a dichotomy between mental and organic illnesses, a dichotomy which probably has no scientific basis, are particularly challenging since the robust application of the arbitrary and capricious standard, which the Seventh Circuit requires, depends on what is probably a scientific fantasy.

11

involved; and (4) the evidence submitted may not be considered because Fischer was given no opportunity to cross-examine the doctors on whose opinions Liberty relied and the opinions are inadmissible hearsay.[4] Pl.'s Mem. in Resp. at 2-5. Unfortunately for Fischer, the Defendants are correct that raising arguments that Liberty's decision could be considered unreasonable is not enough to overturn Liberty's decision under the arbitrary and capricious standard of review.

Liberty obtained multiple opinions from a range of medical professionals, including medical doctors, neuropsychologists, a psychologist, and a neurologist. The record shows that Liberty submitted the medical information it had received for review by medical experts, including Dr. James Butler and Dr. Elizabeth Gallup. The reports were contradictory. Liberty chose to credit one medical professional's opinion on the test results and records over another. The process undertaken is sufficient, under *Semien,* to render Liberty's decision reasonable absent proof of bad faith or misconduct, which Fischer alleges but does not prove. The fact that Liberty did not use the type of specialist that Fischer contends is necessary to rebut the findings of the treating doctors is not dispositive, pursuant to *Mote.* Conducting a review on the papers is also allowed, under *Davis,* and does not render the expert opinions "unreliable" as Fischer contends.

Fischer's final argument, regarding cross-examination, is frivolous. The standard of review applicable here is "arbitrary and capricious," and it is well-established that such ERISA

---

[4]Fischer also argues that "[r]ather than reconsidering the denial of [the D]efendants' summary judgment motion, this Court should reconsider its decision to deny Plaintiff's motion for summary judgment." Pl.'s Mem. in Resp. at 2-3. Raising a motion to reconsider in a response is procedurally improper; if Fischer wanted the court to reconsider its ruling, he should have brought a Rule 59 motion as the Defendants did. Similarly, Fischer's request that the court order a streamlined trial requires a separate motion, properly presented to the court. In the absence of proper motions, the court declines to address these issues.

case review is on the administrative record and that courts are limited to the information submitted to the plan's administrator. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 981-82 (7th Cir. 1999) ("Deferential review of an administrative decision means review on the administrative record. . . . Six courts of appeals have held that when review under ERISA is deferential, courts are limited to the information submitted to the plan's administrator.").

On reconsideration, the court has concluded that, pursuant to *Semien, Davis*, and *Mote*, the arbitrary and capricious standard of review requires granting summary judgment to the insurer where there is a medical split of opinion and the insurer chooses one opinion over the other after a full review of the evidence, notwithstanding debatable points to the contrary absent proof of bias or wrong-doing. This is the situation at bar. The court's earlier determination that a jury could disbelieve Liberty's doctors or find that they gave no credence to opinions of certain doctors is insufficient to defeat the presumption of reasonableness to which Liberty's determination is entitled under Seventh Circuit precedent. Therefore, the court reconsiders its prior denial of summary judgment and grants summary judgment in favor of the Defendants.

## III. CONCLUSION

For the reasons stated above, the court vacates its earlier denial of summary judgment and grants summary judgment in favor of Liberty Life Assurance Company of Boston and Stein Roe Investment Counsel, LLC Long Term Disability Plan.

ENTER:

_____/s/_____

JOAN B. GOTTSCHALL
United States District Judge

DATED: June 16, 2008

14